IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL GEORGE BOYLE, | ) | Civil Action No. 7:17CV00307 |
|     Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| v. | ) | |
| | ) | |
| CLERKS, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff Michael George Boyle, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging that his conviction was unlawful. After review of the record, the court concludes that the Complaint does not state a claim under 42 U.S.C. § 1983 and should be dismissed without prejudice.

In April 2018, plaintiff filed an amended complaint, naming as defendants the Clerks of the Fluvanna County Circuit Court and several other officials involved in his criminal proceedings. Boyle contends that the defendants unlawfully convicted him.

He appears to raise six claims: his First Amendment right was violated for refusal or suspension of his right to petition the government; his charges violated his Fifth Amendment right against Double Jeopardy; his Sixth Amendment rights were violated when the jury was not impartial, witnesses were not compelled to attend his trial, and ineffective assistance of counsel; his Eighth Amendment rights were violated when he was wrongfully convicted; his Thirteenth Amendment rights were violated by his void conviction; his Fourteenth Amendment rights were violated by his invalid imprisonment. For relief, plaintiff seeks $100,000 from each defendant for each crime associated with or committed; therapy paid for by the defendants; $250,000 for defamation; $500,000 for false imprisonment; a declaration that the defendants violated his

rights under federal law; a preliminary and permanent injunction ordering Judge Richard C. Moore and the Fluvanna County Circuit Court clerks to answer plaintiff's motions and writs; immediate investigation to determine that plaintiff was never allowed access to a witness's testimony regarding an assault and an abduction; a new trial; court and counsel costs from defendants; an investigation regarding the defendants' alleged conspiracy; and immediate release.

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, however, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

As stated, plaintiff challenges his conviction, alleging state court errors and ineffective assistance of counsel. Because plaintiff is clearly contesting the fact of his confinement, his claims are not cognizable under § 1983. *Preiser*, 411 U.S. at 489. Furthermore, Boyle has been ordered three separate times to respond with an amended complaint for failure to state a claim

under § 1983.  However, he has continuously failed to state any claims that are cognizable under § 1983.  Therefore, Boyle's § 1983 complaint is **DISMISSED without PREJUDICE** and this case is **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk shall send a copy of this opinion and order to plaintiff.

**ENTERED**: This  13th   day of August, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE